.OPINION OF THE COURT. — By the
How. EDWARD TURNER.
The Chancellor having overruled the demurrer to the bill of review exhibited in this case, the complainant in the original bill, appealed. Several questions are raised for the consideration of this, court.
1st. Whether the court of chancery had jurisdiction of the cause?
2d. Whether the death of Hill, one of tho defendants to the original bill, rendered the decree erroneous?
3d. Whether there should not have been an account taken previous to the final decree?
4th. Whether the neglect of counsel, in not filing answers and defend ing the suit, is such error as to justify a reversal of the decree.
That the court has jurisdiction, I have no doubt. It is true, the complainant mighfhave sued at law, but he could not have included, in one suit at law, all the parties in interest. This being a suit against administrators and sureties, and some of them non-residents, the remedy by bill in equity is given, to prevent circuity of action — to subject absentees to the decree of the Chancellor, and to do ample justice to all parties.
*262 The bill, claiming a sum certain, a liquidated and acknowledged balance of account, no decree to aecount was prayed for, nor was it necessary, previous to the final decree for the payment of the-money claimed.
As to the death of Hill, previous'to the making of the decree; the-death is admitted by the demurrer, but it is denied by the appellant that this, in itself, affords any ground for reversal. It is contended, that a bill' of review can be sustained on two grounds only. — 1st. For error on the. face of the decree; and 2d. For error in some matter of fact, dehors the record, and which was not known to the parties at the time the decree* was [pronounced.
It is not stated in the bill of review that the death of Hill was unknown, to the parties, (the surviving defendants, and the legal representatives of" Hill,) at the lime of making the decree, nor is that fact sworn to; and indeed, those representatives of Hill have not joined in the affidavit. Their-names are stated in the bill of review, which is signed by counsel only;; and it appears from the bonds exhibited, that the deceased Hill was the; surety in each administration bond. That being the fact, his administrators can have no interest in the reversal of the decree. So that this ground is equally untenable with the first.
As to the neglect of counsel, there is nothing in that ground.
But the case is relieved of all difficulty, when we perceive that the-principal defendants to the original bill are sued as non residents, or absentees, whose rights are protected by our statute, on the subject of absent defendants in equity suits. When we reflect on the very liberal provision of that statute in behalf of non resident defendants, we are surprised that the remedy, by bill of review,, was resorted to. It would seem to have* been perfectly unnecessary and vexatious;, and calculated to produce delay, with all its concomitant evils.
' It is not, however, intended to decide in this case, that, the remedy by bill of review will not lie to reverse a decree pronounced after the death of a party: because, where there are no parties before the court, it would be error in fact, even in a court of law, to render judgment in such a case;, which might bo reversed by writ of error, coram nobis. All that the decision in this suit determines, is, that this is not a case in which the remedy will apply: the complainants in the bill of review not having *263 brought themselves within a single requisite necessary to entitle them to the application of the remedy to their case.
I am therefore of opinion, that the decree of the chancellor, overruling «the demurrer to the hill of review, be reversed.